PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MANUEL SURO, Defendant and Appellant.

No. 5634. Argued December 20, 1934.—Decided December 21, 1934.

*E. Martínez Avilés* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

Manuel Suro, under prosecution for having violated Section 1 of the law forbidding the carrying of weapons, demurred to the information on the ground that the same did not state the place where the crime was committed. It is charged in the information that the said Manuel Suro, about the 20th of February, 1934, in Florida, P. R., which forms part of the judicial district of Arecibo, P. R., unlawfully and wilfully, carried a revolver which is a deadly weapon with which bodily harm can be inflicted. The case was tried on July 12, 1934, at the termination of another trial of the same defendant for an assault to commit homicide. The defendant submitted his case for carrying weapons upon the evidence admitted at the trial for assault, to which the district attorney consented. The lower court rendered a judgment convicting the defendant of carrying forbidden weapons and sentenced him to three months in jail and costs.

According to the aforesaid defendant the prosecution should have been dismissed for want of jurisdiction in the trial court. No demurrer in this sense was filed in the lower court. This question is raised for the first time in this court. In his argument on this point, the appellant says that according to the information the crime was committed in Florida, P. R., which forms part of the judicial district of

Arecibo; and as there is no municipality known by that name in the island of Puerto Rico, if what was meant is that Florida is a rural district, the town of which it is part should have been also mentioned, so that it could have been claimed that it is within, and forms part of, the judicial district of Arecibo, since courts of justice can not have judicial notice of the different rural districts of the various towns of the Island.

The appellant invokes Section 8 of the Code of Criminal Procedure, according to which the jurisdiction of an offense shall be in the district court of the district where the offense has been committed, and he says that under Section 82 of the same statute the information should charge that the offense was committed somewhere within the jurisdiction of the court.

We think that the information is sufficient to show that the place where the offense was committed forms part of the judicial district of Arecibo. It is so expressly alleged, since it is stated that Florida forms part of the said judicial district. In *People* v. *París*, 25 P.R.R. 103, this court said that an information is generally sufficient with regard to the place of the commission of the crime if it is shown to be within the district, and hence that it was unnecessary in the absence of a request for a bill of particulars to set up the residence of the prosecuting witness with greater particularity than that the house where the alleged theft took place was in Santurce.

In the case at bar the jurisdiction of the court appears *prima facie* from the information, and as to the evidence, which has not been sent up to this court by the appellant, we must assume that the same was properly weighed, and that the jurisdiction of the trial court was shown to its satisfaction.

In *People* v. *Llauger*, 14 P.R.R. 534, this court expressed itself as follows:

"In regard to the venue in the case being proven, the court judicially knows that the ward of Espinosa and the town of Vega Alta are within the terr:torial jurisdiction of the District Court of San Juan, and that the court below, as far as venue is concerned, has jurisdiction to try this case.

"Although the district attorney is required to prove all the essential facts set out in the information, still he can take advantage of such facts as the court judicially knows, under Section 36 of the Law of Evidence (See Laws of 1905, p. 76); one of which is the statutes of this Island establishing the boundaries of judicial districts in Porto Rico.

"The evidence adduced on the tr:al shows that the offense was committed in the ward of Espinosa, and in the town of Vega Alta, at a cockfight, which took place there on the 30th of December, 1906. This is all the evidence that is required in regard to prov:ng the venue."

In the information filed in the present case the place of the commission of the offense has been located and it has been alleged that the same is within the judicial district where Manuel Suro was tried. There is neither vagueness nor insufficiency in the words of the information and the defendant can not be said not to have been duly informed.

The judgment appealed from must be affirmed.